UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X    NOT FOR ELECTRONIC
                                                                OR PRINT PUBLICATION
TITUS A. TORIOLA,
                                                                MEMORANDUM
           Plaintiff,                            AND ORDER

    -against-                                          06-CV-3751 (ARR)

INTERNAL REVENUE SERVICE,

           Defendant.
----------------------------------------------------------X
ROSS, United States District Judge:

    Plaintiff Titus Toriola, appearing *pro se*, brings this action against the Internal Revenue Service (IRS) seeking $3,649.46 plus interest for tax returns filed in 1991-1996. Plaintiff asserts that the jurisdiction of this court is pursuant to "rule 8 affirmative defense payment release of $3,649.46 out of payment to child support enforcement agency ...." The court grants plaintiff's request to proceed *in forma pauperis*. The complaint is dismissed for the reasons set forth below.

Background

    Plaintiff's statement of claim consists solely of the following:

> As per attached copies, the IRS took all my returns from 1991-1996 without any refund to my spouse despite that the tax was a joint refund. As per my ex wife claim #sxr00323204-01, the total amount paid to her was only $939.00 in 1985, when she was on welfare leaving a balance of $3,649.46 from $4,588.46 they collected from me. (please see attached copy proofs).

    Plaintiff attaches correspondence from the IRS, from his former wife and documents from the State of Colorado Family Support Registry. It appears that plaintiff's tax refund was applied to child support payments he owed in the State of Colorado where his former wife and children reside.

1

Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint, filed *in forma pauperis*, if the complaint ... is (i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." An action is frivolous as a matter of law when, *inter alia*, it is based on an "indisputably meritless legal theory"– that is, when it "lacks an arguable basis in law..., or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). Because plaintiff is proceeding *pro se*, his complaint is read liberally and interpreted as raising the strongest arguments they suggest. Burgos v. Hopkins, 14 F.3d 787, 780 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend it. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). Nevertheless, where the Court "can rule out any possibility, however unlikely it might be, that an amended complaint could succeed in stating a claim," dismissal is appropriate. Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999).

Discussion

To the extent plaintiff, who is not an attorney, seeks to raise claims on behalf of his former wife, he is advised that he cannot do so. Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998). Furthermore, the sole defendant – the IRS – is a federal agency and is not a suable entity. See, e.g., Federal Nat. Mortgage Ass'n v. IRS, No. 98-CV-5174, 2001 WL 260076, at *2 (E.D.N.Y. Jan. 17, 2001) (citation omitted). The United States is the proper defendant. Id. Although a plaintiff's claims could technically be dismissed for failure to name the proper defendant, see Dubay v. IRS, No. 96 CV 1399, 1997 WL 76577, at *2 (D. Conn. Feb. 7, 1997), courts typically do not do so.

Liberally construing plaintiff's complaint as alleging claims on his own behalf, the court would ordinarily direct plaintiff to amend his complaint to substitute the United States for the IRS. However, the complaint also fails because plaintiff did not raise his claim within the statute of limitations periods set forth in 26 U.S.C. § 6511, which governs claims for tax credits and refunds and places conditions on the Government's consent to be sued for such claims.

It is well established that the United States, as sovereign, is immune from suit unless it enacts a statute consenting to be sued. See Kulawy v. United States, 917 F.2d 729, 733 (2d Cir. 1990). Waivers of sovereign immunity are to be strictly construed. See Morales v. United States, 38 F.3d 659, 660 (2d Cir. 1994) (per curiam). The United States has consented by statute to being sued in district court for "the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws...." 28 U.S.C. § 1346(a)(1); see also Weisbart v. United States Dep't of Treasury, 222 F.3d 93, 94 (2d Cir. 2000); United States v. Forma, 42 F.3d 759, 763 (2d Cir. 1994). There are, however, strict conditions attached to that consent. See Weisbart, 222 F.3d at 94 (collecting cases). In particular, a taxpayer must bring a claim for a tax credit or refund "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later...." 26 U.S.C. § 6511(a). In either event, under § 6511(b)(1), "[n]o credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in [26 U.S.C. § 6511(a)] for the filing of a claim for credit or refund." United States v. Dalm, 494 U.S. 596, 602 (1990) ("[U]nless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund, regardless of whether the tax is alleged to have been 'erroneously,' 'illegally,' or

'wrongfully collected,' §§ 1346(a)(1), 7422(a), may not be maintained in any court."); Fier v. United States, No. 01 Civ. 2225, 2002 WL 453177, at *3-4 (S.D.N.Y. Mar. 25, 2002).

Here, plaintiff challenges tax refunds for years 1991 to 1996 which appear to have been applied to outstanding child support payments owed in the State of Colorado. The claims are time-barred because plaintiff filed the instant action on July 26, 2006, at least 10 years after the last tax year at issue. Therefore, this court lacks the subject matter jurisdiction to hear the instant claims. Even if this court were to have subject matter jurisdiction over this action despite the timing restrictions set forth in § 6511, plaintiff has not alleged any facts to support a cognizable claim against the United States.

Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P 12 (h)(3). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: August 15, 2006
Brooklyn, New York